IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUCINDA KRLICH, *et al.*, | ) | CASE NO. 4:20-cv-01190 |
| | ) | |
| Plaintiffs, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CITY OF HUBBARD, OHIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Plaintiffs, residents of Hubbard, Ohio,[1] allege in their Complaint that they have been subjected to a campaign of harassment by other residents of Hubbard for more than a decade. Complaint, Doc. 1.  Plaintiffs allege that Defendants (the City of Hubbard, its Law Director and a Hubbard police sergeant) have violated their Equal Protection rights by failing to investigate and take action on their complaints that other residents have violated municipal ordinances near Plaintiffs' residence.  *Id.*

The case has been referred to the undersigned for a Report and Recommendation on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 6) (hereinafter "Motion" or "Plaintiffs' Motion").[2]  Plaintiffs' proposed injunction would enjoin Defendants from refusing to investigate Plaintiffs' complaints and reports to the Hubbard Police Department "in the same manner they do for all other Hubbard residents" and would require Defendants to enforce specified ordinances relating to matters such as auto horns, mufflers, squealing tires, etc., and to prosecute all violators.  Doc. 6, pp. 10-11.  Defendants' Opposition

---

[1] The named Plaintiffs are Lucinda Krlich and Rick Krlich.

[2] The Motion was filed on August 5, 2020, more than two months after the Complaint and one day after Defendants filed a Motion to Dismiss.

to the Motion[3] (Doc. 10) cites similar litigation between Plaintiffs and Hubbard[4] filed in 2017, in which the Court (Pearson, J.) denied Plaintiffs' Motion for Preliminary and Permanent Injunction and granted Motions for Judgment on the Pleadings filed by defendants therein. In entering Judgment for defendants Taafe and the City of Hubbard (the "Hubbard defendants"), Judge Pearson held that "Plaintiffs have simply failed to allege any viable claim, including a class-of-one equal protection claim, against the Hubbard Defendants." *Krlich, et al. v. Taafe, et al.*, 4:17-cv-00379, N.D. Ohio, Doc. 99, p. 16.

For the reasons explained more fully below, Plaintiffs have shown little to no likelihood of success on the merits and otherwise fail to meet the requirements for entry of a temporary restraining order or preliminary injunction. The undersigned therefore recommends that the Court DENY Plaintiffs' Motion.

## I. Background

The background facts are taken from Plaintiffs' Complaint, Plaintiffs' Motion, and Defendants' Opposition. The Complaint is not verified and Plaintiffs have not submitted any affidavit in support of the Motion, although they have submitted some exhibits.

### A. Current action

Plaintiffs filed their Complaint on May 29, 2020, against Defendants the City of Hubbard, Ohio; Mark Villano, Law Director for the City of Hubbard; and William Fisher,

---

[3] The undersigned scheduled a telephone conference for August 7, 2020. *See* August 6, 2020, non-document notice of telephone conference. No one appeared on behalf of Plaintiffs during that conference. Doc. 8. A briefing schedule was set to address the Motion. Doc. 8. Defendants' brief in opposition was due on and was filed on August 12, 2020. Doc. 8, Doc. 10. Plaintiffs' reply brief was due on or before August 14, 2020. Doc. 8. Plaintiffs did not file a reply.

[4] Defendants in the 2017 case included James R. Taafe ("Taafe") (City of Hubbard Police Chief), the City of Hubbard, and Defendant Eagle Joint Fire District of Trumbull County. *Krlich*, 4:17-cv-00379, N.D. Ohio, Doc. 51-1, p. 3, ¶ 8, Doc. 69, p. 2., ¶ 8, Doc. 99, pp. 1, 17. Trumbull County, Ohio was also named as a defendant in the case but dismissed with prejudice by stipulation. *Krlich*, 4:17-cv-00379, N.D. Ohio, Doc. 43, Doc. 99, p. 12, n. 2.

Sergeant of the Hubbard Police Department.  Doc. 1, pp. 3-5, ¶¶ 5-13.

Plaintiffs state they bring "this 42 U.S.C. § 1983 action as a result of an 11+ years campaign of tyranny against them and invasion of their rights ("the campaign"), designed to harass, intimidate, terrorize, and retaliate against them.  Although the campaign [has] been ongoing for more than a decade now, Plaintiffs seek to vindicate their rights as of July 5, 2019, which is the last time the City of Hubbard and the Hubbard Police Department made any effort to investigate any of their reports of harassment, stalking, menacing, damage to their property, or any of their other numerous complaints and reports."  Doc. 1, p. 2, ¶ 1.

They allege Defendants have violated their right to equal protection of the laws "by: (a) failing and refusing to investigate any of Plaintiffs' complaints; (b) failing to issue citations or warnings to, or take any action against, hundreds of perpetrators, despite their repeated, long-term, and continuing harassment of Plaintiff and his wife by deliberately violating Hubbard 's ordinances; and (e) [sic] directly and intentionally participating in the campaign against Plaintiffs."  Doc. 1, pp. 9-10, ¶ 36.

In their Motion, Plaintiffs request that the Court issue "a temporary restraining order and preliminary injunction enjoining Defendant City of Hubbard ("Defendant" or "Hubbard"), Defendant Mark Villano ("Villano"), and Defendant Sgt. William Fisher ("Fisher"), from their current practice of refusing to accept and investigate Plaintiffs' complaints to the Hubbard Police Department, and refusing to enforce Hubbard's ordinances against residents who violate them[.]" Doc. 6, p. 1.  Plaintiffs argue that the Defendants have failed, refused and continue to fail and refuse to enforce various city ordinances and have treated and continue to treat Plaintiffs as a class of one.  Doc. 6, p. 1.  The various city ordinances that Plaintiffs assert Defendants have failed and refused to enforce include ordinances prohibiting horn-blowing, vehicles having loud exhaust systems and/or modified exhaust systems, peeling out and/or racing motors, disturbing

3

the peace, and revving or gunning an engine.  Doc. 1, p. 8, ¶ 29, Doc. 6, pp. 1, 4, 5.  Plaintiffs

contend that, "[u]nless Defendants are required to treat Plaintiffs in the same or similar manner

in which they treat[] all other Hubbard residents, and required to enforce the above-stated

ordinances, Plaintiffs will suffer immediate and irreparable injury, for which they have no

adequate remedy at law."  Doc. 6, p. 1.

### B.    2017 action

As indicated above, in 2017, Plaintiffs filed a Section 1983 action in this Court,

"invoking federal question jurisdiction and seeking injunctive and monetary relief for a violation

of their rights under the Equal Protection Clause of the Fourteenth Amendment for the Hubbard

Defendants' complicity and active pursuit in a campaign to harass, intimidate, and terrorize

Plaintiffs by individuals honking their horns, revving their engines (i.e., loud exhaust and/or

accelerating hard), and/or screeching their tires whenever they drive past Plaintiffs' residence."

*Krlich*, 4:17-cv-00379, N.D. Ohio, Doc. 99, p. 2.

Plaintiffs sought preliminary and permanent injunctive relief in the 2017 case.  Doc.  58.

The court denied Plaintiffs' request for injunctive relief (Doc. 98) on September 19, 2018, and,

on the same day, granted the Hubbard defendants' motion for judgment on the pleadings (Doc.

99, Doc. 110).  A judgment entry terminating the case was entered on April 17, 2019 (Doc. 111).

In denying injunctive relief, the court concluded that Plaintiffs failed "to state a class-of-

one claim upon which relief [could] be granted[,]" finding that "such a claim does not exist with

respect to controlling discretionary decision making of law enforcement officers in the

enforcement of municipal ordinances."  *Krlich,* 4:17-cv-00379, N.D. Ohio, Doc. 98, pp. 8-9.

Further, when granting the motion for judgment on the pleadings filed by the Hubbard

defendants, the court found that "[a]ny alleged breach or violation of Plaintiffs' right to have

crimes investigated or prosecuted, however, fails as a matter of law because it is not a

fundamental protection under the U.S. Constitution." *Krlich*, 4:17-cv-00379, N.D. Ohio, Doc. 99, pp. 8-9 (discussing and relying in *White v. City of Toledo*, 217 F.Supp.2d 838 (N.D. Ohio 2002) (J. Carr) and other cases within this district that have "dismissed §1983 Equal Protection Clause claims that are predicated on a municipality's or police officer's failure to investigate and/or failure to prosecute alleged crimes[]").

## II. Temporary Restraining Order/Preliminary Injunction Standard

"[T]he purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Reid v. Hood*, 2011 WL 251437, at *2, (N.D. Ohio Jan. 26, 2011) (quoting *Procter & Gamble Co. v. Bankers Trust Co*., 78 F.3d 219, 227 (6th Cir. 1996)). And, "the purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *Southern Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Company*, 860 F.3d 844, 848 (6th Cir. 2017)

"A preliminary injunction is an extraordinary and drastic remedy, one that should only be awarded upon a clear showing that the plaintiff is entitled to such relief[.]" *Southern Glazer's Distributors of Ohio*, 860 F.3d at 849 (citing and relying on *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008) and *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008))(internal quotations omitted).

When presented with a request to issue a preliminary injunction, courts consider the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Southern Glazer's Distributors of Ohio*, 860 F.3d at 849 (internal citations omitted). The foregoing factors are to be balanced rather than considered prerequisites. *Id.* Nevertheless, the Sixth Circuit has held that "[a] preliminary injunction issued

where there is simply no likelihood of success on the merits must be reversed[.]" *Id.* (quoting *Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010)) (bracketing in original).

The standard for issuing a TRO is the same as for a preliminary injunction; however, the emphasis is on irreparable harm "given that the purpose of a temporary restraining order is to maintain the status quo."  *Reid*, 2011 WL 251437, at *2 (citing *Motor Vehicle Bd. of Calif. v. Fox*, 434 U.S. 1345, 1347 n.2, (1977)).

### III. Analysis

Plaintiffs have not shown an entitlement to emergency or preliminary injunctive relief.  In their Motion, Plaintiffs acknowledge that in order to be entitled to injunctive relief, a plaintiff must show a substantial likelihood of prevailing on the merits.  Doc. 6, p. 5.  However, Plaintiffs fail to present any argument that they have a likelihood of success on the merits.  They merely make a conclusory assertion that Defendants are denying their due process rights.  Doc. 6, pp. 5-6.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (alteration in original) (internal citations omitted).  Moreover, when presented with Defendants' opposition motion, which included various arguments as to why Plaintiffs' Motion should be denied, including Defendants' contention that "Plaintiffs have no likelihood of prevailing on the merits, let alone a strong likelihood of prevailing on the merits[]" (Doc. 10, pp. 1, 5-7), Plaintiffs offered no reply.

Moreover, as stated above, Plaintiffs previously filed a case raising claims similar to those raised herein.  In their opposition brief, Defendants argue, in part, that Plaintiffs' Motion is barred by res judicata or collateral estoppel based on the determination in the 2017 case that

there was no underlying constitutional violation.  Doc. 10, pp. 3-4.  Plaintiffs offered no reply in response to Defendants' argument based on res judicata or collateral estoppel.  Nor have they contended or explained how they have a strong likelihood of succeeding on the merits of their equal protection claim.

Plaintiffs argue irreparable harm; inadequate remedies at law; that the balancing of hardships between Plaintiffs and Defendants weighs in Plaintiffs' favor; and that the public interest will be served by granting injunctive relief.  Doc. 6, pp. 5-8.  In arguing irreparable harm, Plaintiffs claim that they have suffered more than 11 years of harassment and stalking with no adequate remedy at law and that the irreparable harm they have suffered includes sleep deprivation, post-traumatic stress syndrome, physical and emotional harm, detriment to their business, and lost enjoyment of life.  Doc. 6, p. 6.  And they argue that the "immediacy of their need" for emergency or injunctive relief "is exacerbated by the fact that they have seen frightening Facebook messages posted by Hubbard residents, including one stating 'Im pretty sure most of Hubbard wants him dead . . .'"  Doc. 6, p. 6 (citing Exhibit 6).  However, Plaintiffs have not provided evidentiary support for their claims of irreparable harm.  Indeed, the Exhibit cited in support of their claimed need for immediate relief is a Facebook post dated July 16, 2009.  Doc. 6-6.  Plaintiffs fail to demonstrate how a posting from over 10 years ago warrants the emergency and injunctive relief Plaintiffs now seek.[5]

Assuming arguendo that Plaintiffs could show that balancing the hardships weighed in their favor or that the public interest would be served by the issuance of an injunction, for the reasons discussed above, the undersigned finds Plaintiffs have failed to demonstrate a likelihood

---

[5] Plaintiffs manually filed a USB Flash Drive containing videos allegedly taken since the filing of the Complaint. Ex. 5.  Plaintiffs refer in their Motion to "Ex. 1, thumb drive sampling of the increased incessant harassment."  Doc. 6, p. 4.  However, the USB Flash Drive is Ex. 5, not Ex. 1.  Doc. 6-5, Doc. 9.  Exhibit 1 to the Motion is a copy of a February 6, 2013, Hubbard Police Department Ohio Uniform Incident Report.  Doc. 6-1.  The videos in the manually filed flash drive show vehicles making loud noises, e,g., honking, peeling out.  It is unclear where the videos were shot.

of success on the merits of their equal protection claim.  *Southern Glazer's Distributors of Ohio*, 860 F.3d at 849 (indicating that, while the four factors are to be balanced and not considered prerequisites, "a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed[]").  While it is not necessary to determine at this juncture whether this action is barred by res judicata or collateral estoppel as a result of the 2017 litigation, the undersigned finds persuasive the reasoning of the opinions in that case that denied Plaintiffs' motion for preliminary injunctive relief and entered judgment against Plaintiffs on the merits. Further, as discussed above, Plaintiffs have not shown that immediate or preliminary injunctive relief is warranted to prevent irreparable harm.  Accordingly, the undersigned recommends that the Court DENY Plaintiffs' Motion.

## IV. Recommendation

For the reasons explained above, the undersigned recommends that the Court DENY Plaintiffs' Motion (Doc. 6).

Dated:  August 19, 2020

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).